UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LANCE TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>PAT WARREN,<br>A. GREASON, and<br>WILLIAMS,<br><br>    Defendants. | Case No. 2:19-cv-13465-LJM-CI<br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr |

**ORDER ADOPTING REPORT AND RECOMMENDATION [26] AND DISMISSING COMPLAINT WITH PREJUDICE**

In the summer of 2019, while incarcerated at the Macomb Correctional Facility, Lance Taylor alleges he experienced high temperatures in his segregation cell. Taylor says he reported the high temperatures to Warden Pat Warren, Assistant Deputy Warden A. Greason, and Resident Unit Manager Williams, but each did nothing to fix the issue. Taylor thus sued Warren, Greason, and Williams for how they handled the alleged high heat and lack of ventilation in his cell.

In January 2021, this Court referred all pretrial matters in this case to Magistrate Judge Curtis Ivy, Jr. (ECF No. 17.) After a court order that had been mailed to Taylor was "return[ed] to sender" (ECF No. 24, PageID.121), Magistrate Judge Ivy issued a show cause order to Taylor (ECF No. 25). Magistrate Judge Ivy explained that at that outset of this case, Taylor had been notified that the failure to keep a current address on file with the court could result in dismissal of his case.

(ECF No. 25, PageID.122; *see also* ECF No. 4.) Taylor never responded to Magistrate Judge Ivy's show cause order, and so on June 23, 2021, he recommended that this Court dismiss Taylor's complaint with prejudice. (ECF No. 26, PageID.129.)

At the conclusion of his June 23, 2021 Report and Recommendation, Magistrate Judge Ivy notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 26, PageID.130.) Even though Taylor received three extra days to file objections under Federal Rule of Civil Procedure 6 and additionally benefits from the prison-mailbox rule, over five weeks have passed, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D.

Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. (ECF No. 26, PageID.129.) The Court thus dismisses Taylor's complaint with prejudice.

SO ORDERED.

Dated: August 2, 2021

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE